**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROBERT BELLET, JR.,                           )       NO. ED CV 08-1166-E
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )       **MEMORANDUM OPINION**
                                              )
MICHAEL J. ASTRUE, COMMISSIONER               )       **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,            )
                                              )
                                              )
            Defendant.                        )
_____  )

      Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


**PROCEEDINGS**


      Plaintiff filed a complaint on September 9, 2008, seeking review

of the Commissioner's denial of benefits.  The parties filed a consent

to proceed before a United States Magistrate Judge on October 8, 2008.

Plaintiff filed a motion for summary judgment on April 14, 2009.

1  Defendant filed a motion for summary judgment on May 12, 2009.  The

2  Court has taken both motions under submission without oral argument.

3  See L.R. 7-15; "Order," filed September 11, 2008.

4

5                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

6

7       Plaintiff asserts disability beginning May 18, 2006, based on,

8  inter alia, alleged mental impairments (Administrative Record ("A.R.")

9  15, 39, 318-19).  Plaintiff's treating psychiatrist opined Plaintiff

10  has a depressive disorder of disabling severity (A.R. 296, 318-19).

11

12       The Administrative Law Judge ("ALJ") found Plaintiff not disabled

13  (A.R. 39-49).  The only part of the ALJ's decision directly addressing

14  the opinions of Plaintiff's treating psychiatrist states:

15

16       The claimant's treating psychiatrist, Dr. Nenita Belen,

17       completed a pre-printed work capacity evaluation form on

18       September 1, 2006, indicating through checked boxes that the

19       claimant has marked to extreme limitations in all areas

20       (Exhibit B13F).  However, this conclusory form did not

21       contain any explanation of the basis for this conclusion, is

22       not accompanied or supported by any objective evidence from

23       this medical source to explain the basis of such a

24       conclusion, and is not entitled to significant probative

25       weight Crane v. Shalala, 76 F3.d 251, 253 (9th Cir. 1996).

26       There is simply no evidence to support a finding of marked

27       or extreme limitations in any area of functioning much less

28       in all areas of functioning.

1   The Appeals Council denied review (A.R. 1-3).

2

3                        **STANDARD OF REVIEW**

4

5        Under 42 U.S.C. section 405(g), this Court reviews the

6   Administration's decision to determine if: (1) the Administration's

7   findings are supported by substantial evidence; and (2) the

8   Administration used correct legal standards.  <u>See</u> <u>Carmickle v.</u>

9   <u>Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>,

10  499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

11  relevant evidence as a reasonable mind might accept as adequate to

12  support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401

13  (1971) (citation and quotations omitted); <u>see</u> <u>Widmark v. Barnhart</u>,

14  454 F.3d 1063, 1067 (9th Cir. 2006).

15

16                           **DISCUSSION**

17

18       A treating physician's conclusions "must be given substantial

19  weight."  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u>

20  <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

21  give sufficient weight to the subjective aspects of a doctor's opinion

22  . . .  This is especially true when the opinion is that of a treating

23  physician") (citation omitted).  Even where the treating physician's

24  opinions are contradicted,[1] "if the ALJ wishes to disregard the

25  opinion[s] of the treating physician he . . . must make findings

26  _____

27       [1]   Rejection of an uncontradicted opinion of a treating
    physician requires a statement of "clear and convincing" reasons.

28  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Gallant v.</u>
    <u>Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

1    setting forth specific, legitimate reasons for doing so that are based

2    on substantial evidence in the record." <u>Winans v. Bowen</u>, 853 F.2d

3    643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted);

4    <u>see Rodriquez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may disregard the

5    treating physician's opinion, but only by setting forth specific,

6    legitimate reasons for doing so, and this decision must itself be

7    based on substantial evidence") (citation and quotations omitted);

8    <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and

9    vague" reasons for rejecting the treating physician's opinions do not

10   suffice).

11

12       Section 404.1512(e) of 20 C.F.R. provides that the Administration

13   "will seek additional evidence or clarification from your medical

14   source when the report from your medical source contains a conflict or

15   ambiguity that must be resolved, the report does not contain all of

16   the necessary information, or does not appear to be based on medically

17   acceptable clinical and laboratory diagnostic techniques."  See <u>Smolen</u>

18   <u>v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he

19   needed to know the basis of Dr. Hoeflich's opinions in order to

20   evaluate them, he had a duty to conduct an appropriate inquiry, for

21   example, by subpoenaing the physicians or submitting further questions

22   to them.  He could also have continued the hearing to augment the

23   record") (citations omitted); <u>see also</u> <u>Brown v. Heckler</u>, 713 F.2d 441,

24   443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly

25   develop the record and to assure that the claimant's interests are

26   considered").

27   ///

28       In the present case, the ALJ erred in his consideration of the

4

1   treating physician's opinions.  The ALJ should not have rejected those

2   opinions as allegedly inadequately supported without first attempting

3   to recontact the treating physician.  Id.; see also Embrey v. Bowen,

4   849 F.2d at 421 ("To say that the medical opinions are not supported

5   by sufficient objective findings or are contrary to the preponderant

6   conclusions mandated by the objective findings does not achieve the

7   level of specificity our prior cases have required . . .").

8

9       The Court cannot adopt Defendant's newly proffered reasons for

10  rejecting the treating physician's opinions.  The Court "cannot affirm

11  the decision of an agency on a ground that the agency did not invoke

12  in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th

13  Cir. 2001).

14

15      When a court reverses an administrative determination, "the

16  proper course, except in rare circumstances, is to remand to the

17  agency for additional investigation or explanation." INS v. Ventura,

18  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

19  proper where, as here, additional administrative proceedings could

20  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

21  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

22  1496, 1497 (9th Cir. 1984).

23

24      The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

25  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

26  compel a reversal rather than a remand of the present case.  In

27  Harman, the Ninth Circuit stated that improperly rejected medical

28  opinion evidence should be credited and an immediate award of benefits

5

1   directed where "(1) the ALJ has failed to provide legally sufficient

2   reasons for rejecting such evidence, (2) there are no outstanding

3   issues that must be resolved before a determination of disability can

4   be made, and (3) it is clear from the record that the ALJ would be

5   required to find the claimant disabled were such evidence credited."

6   Harman at 1178 (citations and quotations omitted).  Assuming,

7   arguendo, the Harman holding survives the Supreme Court's decision in

8   INS v. Ventura, 537 U.S. 12, 16 (2002),[2] the Harman holding does not

9   direct reversal of the present case.  Here, the Administration must

10  recontact the treating physician concerning "outstanding issues that

11  must be resolved before a determination of disability can be made."

12  Further, it is not clear from the record that the ALJ would be

13  required to find Plaintiff disabled for the entire claimed period of

14  disability were the opinions of the treating physician credited.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26

27          [2]     The Ninth Circuit has continued to apply Harman despite

28  INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th
    Cir. 2004).

1                              **CONCLUSION**

2

3        For all of the foregoing reasons,[3] Plaintiff's and Defendant's

4   motions for summary judgment are denied and this matter is remanded

5   for further administrative action consistent with this Opinion.

6

7        LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9        DATED:  June 23, 2009.

10

11                          _____/S/_____

                                 CHARLES F. EICK
12                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27        [3]    The Court has not reached any other issue raised by
    Plaintiff except insofar as to determine that reversal with a
28  directive for the payment of benefits would not be appropriate at
    this time.